IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EARNESTINE STARKS, as Guardian and Conservator of LASHUNDRA STARKS, an incapacitated person, }<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS CORPORATION, et al.,<br><br>Defendants. | CIVIL ACTION NO.<br>08-AR-1654-S |

**MEMORANDUM OPINION**

The court has before it two motions: the motion to dismiss filed by defendant, Highway West Auto Sales, Inc. ("Highway West"), and the motion of plaintiff, Earnestine Starks ("Starks"), to remand her above-referenced action to the Circuit Court of Jefferson County, Bessemer Division, from which it was removed by the other defendant, General Motors Corp. ("GMC"), alleging the complete diversity necessary for a removal under 28 U.S.C. §§ 1332, 1441, and 1446.

**PERTINENT FACTS**

Starks, an Alabama citizen, sues as guardian and conservator of Lashundra Starks, an incapacitated person. Lashundra was a front-seat passenger in a 1993 Cadillac Sedan Deville when it was involved in a car crash. Starks alleges that, because of the

1

defective design and manufacturing of the vehicle's restraint system, Lashundra was not adequately restrained and suffered severe injury. She blames the injury both on GMC, which is a diverse defendant, and on Highway West, which is non-diverse.

Count One of the state court complaint sets forth claims under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"). It charges that both defendants at all relevant times designed, manufactured, sold, and/or distributed the vehicle which caused her injuries. Counts Two through Five contain claims of common law negligence, wantonness, negligent failure to warn, and wanton failure to warn (collectively "common law claims"), and claim that defendants negligently designed, manufactured, marketed, sold, tested or failed to test, and/or distributed the vehicle.

GMC shows, without dispute, that diversity exists between Starks and GMC. GMC argues that Highway West should be ignored in deciding whether diversity exists because it was fraudulently joined. Contemporaneously with the removal, Highway West filed in this court a motion to dismiss, after which Starks filed her motion to remand. There is no dispute over the claim being in excess of $75,000. The sole issue before this court is whether Highway West was fraudulently joined.

Highway West's motion to dismiss is redundant and is inconsistent with GMC's notice of removal, which calls for the ignoring of Highway West. Highway West cannot legitimately ask the

2

court for a ruling on its motion. A motion to dismiss by a non-diverse defendant is implicit in a removal by a diverse defendant based on fraudulent joinder. Here, Highway West has compounded the anomaly by pleading affirmative facts in its motion to dismiss this action that GMC argues had no viability in the first place as against Highway West. Highway West must rely on GMC's notice of removal.

## ANALYSIS

GMC has failed to meet its burden of making a clear and convincing showing of fraudulent joinder. *See Henderson v. Washington Nat'l Ins. Co.,* 454 F.3d 1278, 1281 (11th Cir. 2006). The Eleventh Circuit has provided three scenarios in which the fraudulent joinder of a defendant can exist. *See Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998). Only one scenario is at issue here, namely, a case in which there is no possibility that the plaintiff can establish a cause of action against the resident defendant. In deciding whether there is any viability to the claim against Highway West, the court must evaluate Stark's allegations in the light most favorable to her and must resolve any ambiguities about state substantive law in her favor. *See Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir. 2007). Doing so, this court cannot say with certainty that Starks has *no possibility* of pursuing her claim against Highway West. It may not smell of success, but there is at least a whiff.

GMC necessarily avers that Starks has no possibility of stating a claim against Highway West under the AEMLD, but spends no time arguing that Starks has not facially pleaded a *prima facie* AEMLD claim against Highway West. Instead, GMC borrows the "no-causal-relation" affirmative defense that was strangely put forward by Highway West in its redundant motion to dismiss, as if this court has jurisdiction to hear an affirmative defense from a non-diverse defendant after a § 1332 removal. GMC relies on material beyond that contained in its notice of removal. Starks had no initial obligation to plead around a prospective "no-causal-relation" affirmative defense. Neither is Starks obligated to show that her claim against Highway West can survive a motion for summary judgment, *Crowe*, 113 F.3d at 1541-42. In other words, she has no burden of proving that Highway West's new information provides it a good defense. *See Lloyd Noland Found., Inc. v. HealthSouth Corp.*, 979 So. 2d 784, 791 (Ala. 2007). She need only convince the court that, after all reasonable inferences are drawn in her favor, there is a rational basis to believe from the face of the complaint that a state court could find for her and against Highway West. *See Crowe,* 113 F.3d at 1538. Without purporting to adjudicate Stark's AEMLD claim against Highway West, something which this court is precluded from doing, this court cannot say with the requisite certainty that Starks has no possibility of prevailing against Highway West under the AEMLD theory or her other theories.

GMC's sole contention as to the viability of Stark's common law claims is that they are subsumed and governed by the AEMLD. However, the Supreme Court of Alabama has undercut GMC on this issue, saying: "We will not presume to so define the boundaries of the judicially created AEMLD so that it subsumes the common law tort actions of negligence and wantonness against the retailer defendants." *See Tillman v. R. J. Reynolds Tobacco Co.*, 871 So. 2d 28, 34-35 (Ala. 2003); *see also Vesta Fire Ins. Corp. v. Milam & Co. Constr., Inc.*, 901 So. 2d 84 (Ala. 2004). Although some federal district courts in Alabama have held differently, they did so before *Tillman*. To repeat, it is within the realm of possibility that the state court could find for Starks and against Highway West on some of her common law claims.

By what this court has said, the court does not mean to give the state court advice on issues that are within its prerogative and that are certainly not the business of this court. Under these procedural circumstances, this court is simply required to acknowledge the core principle of federalism that mandates the exclusive jurisdiction of the state court over a fairly debatable issue of state law.

## CONCLUSION

Because complete diversity does not exist, the court lacks subject matter jurisdiction. For that reason, the court will, by separate order, grant Stark's motion to remand and will not rule on

Highway West's motion to dismiss, leaving that motion for the state court where it belongs.

**DONE** this 25th day of September, 2008.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE